IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
DEBBIE HELMLY,                    *
                                  *
     Plaintiff,                   *
                                  *
v.                                *
                                  *   CV 616-023
KMART CORPORATION, SEARS          *
HOLDINGS MANAGEMENT               *
CORPORATION, and JOHN             *
DOES 1-5,                         *
                                  *
     Defendants.                  *
                                  *
                                  *
```

**O R D E R**

Currently before the Court is Plaintiff's motion to remand. (Doc. 12.) Because Defendants timely removed to this Court, Plaintiff's motion is **DENIED**.

I. <u>Background</u>

This case arises out of injuries Plaintiff Debbie Helmly sustained when she tripped and fell while shopping at Kmart. In November 2013, Plaintiff visited the Kmart located in Statesboro, Georgia. (Doc. 1-1 ¶ 9.) While in the garden department of the store, Plaintiff tripped on a lawnmower wheel that extended into the customer walkway. (<u>Id.</u> ¶¶ 10-11.) Seeking to hold Defendants Kmart Corporation and Sears Holdings

Management Corporation liable for her injuries, Plaintiff filed suit in October 2015 in the State Court of Bulloch County, Georgia.

Plaintiff's complaint alleges that Defendants knew about the dangerous condition the lawnmower wheel created. (<u>Id.</u> ¶ 15.) Therefore, according to Plaintiff, Defendants negligently failed to keep the premises safe. (<u>Id.</u> ¶¶ 21-56.) As a result of the fall, Plaintiff claims that she "has incurred past lost wages, will incur future lost earnings and has suffered, and will continue to suffer, a diminished earning capacity." (<u>Id.</u> ¶¶ 37, 55.) Moreover, she "has suffered, and will continue to suffer, physical, mental and emotional pain and suffering." (<u>Id.</u> ¶¶ 38, 56.) Accordingly, Plaintiff's complaint requests damages for "past, present, and future medical expenses, physical and mental pain and suffering, past and future lost wages, diminished earning capacity and all other damages allowed by law." (<u>Id.</u> at 8.) Plaintiff's complaint does not request a specific amount of damages.

Two weeks after Plaintiff served her complaint on Defendants, her counsel received a call from Defendants' insurance adjuster. (Doc. 12-3 ¶ 7.) During this call, Plaintiff's counsel informed the adjuster that Plaintiff sustained injuries to her neck and back and had undergone two

surgeries. (Id. ¶ 8.) The adjuster determined that early settlement was not possible. (Id.)

On January 22, 2016, during the initial round of discovery, Plaintiff's counsel e-mailed Defendants' counsel regarding her responses to Defendants' discovery requests. (Doc. 12-5.) In that e-mail, Plaintiff's counsel explained that Plaintiff's discovery responses were late because Plaintiff had been in and out of the hospital and had undergone surgery. (Id.) On January 27, 2016, Plaintiff responded to Defendants' first set of interrogatories and revealed that Plaintiff had accumulated $85,704.15 in medical bills. (Doc. 1-9 at 10.) Accordingly, on February 26, 2016, Defendants removed the case to this Court based on diversity jurisdiction.[1] (Doc. 1.) Plaintiff now moves to remand the case to the State Court of Bulloch County. (Doc. 12.) The Court addresses the merits of Plaintiff's motion below.

## II. Discussion

Under 28 U.S.C § 1441, a defendant may remove an action filed in state court to federal court if the action could have originally been brought in federal court. When the parties are diverse and the amount in controversy exceeds $75,000, original

---

[1] It is undisputed that the parties are diverse for jurisdictional purposes. Plaintiff is a citizen of Georgia, Defendant Sears Holdings Management Company is a citizen of Delaware and Illinois, and Defendant Kmart Corporation is a citizen of Michigan and Illinois. (Doc. 1.)

3

jurisdiction exists under 28 U.S.C. § 1332. Here, the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff, therefore, does not dispute jurisdiction. Rather, she contends that Defendants did not timely remove this action.

Generally, a defendant must remove within thirty days from the date it receives the initial pleading. 28 U.S.C. § 1446(b)(1). But when an action is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

A removing defendant has the burden to establish federal jurisdiction, Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996), and must point to specific facts supporting jurisdiction, see Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). Indeed, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. "[T]he documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 n.63 (11th Cir. 2007).

In this case, Plaintiff maintains that it was apparent from her initial pleading that this case was removable, so Defendants were required to remove within thirty days from the date they received her complaint. Alternatively, Plaintiff asserts that Defendants were required to remove within thirty days from her counsel's conversation with Defendants' insurance adjuster or within thirty days from her counsel's January 22 e-mail.

**1. Removability based on Plaintiff's complaint**

When a state-court complaint does not claim a specific amount of damages, a case may be removed based on the complaint only if it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. And while the Court may use its "judicial experience and common sense," Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010), the allegations in the complaint must reasonably support the conclusion that the amount in controversy is satisfied, see Cheatwood v. QuickTrip Corp., No. 1:14-cv-740-WSD, 2014 WL 5529153, at *2 (N.D. Ga. Oct. 29, 2014). Generalized facts and conclusory allegations will not suffice. See Cheatwood, 2014 WL 5529153, at *3-4 (granting a motion to remand where the complaint alleged unspecified past and future damages and generalized facts about the cause of the injuries, because the allegations did not

5

prove, by a preponderance of the evidence, that the amount in controversy was satisfied).

Here, Plaintiff's complaint alleges only basic details surrounding the events of her fall and conclusory statements regarding her damages. Specifically, as noted above, her complaint claims only that she suffered and will continue to suffer injuries to her lower back and neck, that she was accumulating unspecified medical expenses, and that she suffered emotional and physical pain and suffering. Considering the lack of detail in the complaint, had Defendants attempted to remove based solely on this pleading, they would have been unable to prove, by a preponderance of the evidence, that the amount in controversy was met. Thus, the Court rejects Plaintiff's argument and **DENIES** her motion to remand on this issue.

### 2. Removability based on "other paper"

When a plaintiff's complaint does not provide sufficient allegations to support removal, a defendant may remove within thirty days from the date it receives "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Documents constituting other paper include discovery responses, settlement offers, deposition testimony, demand letters, and e-mails. See Lowery, 483 F.3d at 1212 n.62. Oral communications, on the other hand, are not typically considered other paper. See Smith

v. Bally's Holiday, 843 F. Supp. 1451, 1453-55 (N.D. Ga. 1994); Williams v. Litton Loan Servicing, LP, No. 2:10-CV-951-WKW, 2011 WL 521624, at *4 (M.D. Ala. Feb. 15, 2011) ("Section 1446(b)'s use of the word 'paper' strongly suggests, if not mandates, that 'other paper' should be a written document."). Courts have narrowly excepted certain oral statements that are contemporaneously transcribed — for example, statements made during depositions. See Litton Loan Servicing, 2011 WL 521624, at *5.

First, Plaintiff argues that her counsel's conversation with Defendants' insurance adjuster constitutes other paper from which Defendants could have ascertained that this case was removable. Plaintiff's argument fails because the Court declines to consider this off-the-record telephone conversation other paper for purposes of § 1446. See id. ("[Plaintiff's] oral settlement demand and the voicemail fail the 'other paper' requirement of § 1446(b), because they are plainly not written documents created by the plaintiff. Nor do these oral communications fit in the limited exceptions that satisfy the 'other paper' requirement . . . .").

Plaintiff also argues that Defendants were required to remove within thirty days from the date their counsel received Plaintiff's counsel's January 22 e-mail. Because this document satisfies the written requirement of other paper, the only

7

disputed issue is whether the e-mail made removability ascertainable. In this e-mail, Plaintiff's counsel explained that her client's discovery responses were late because Plaintiff had been in and out of the hospital after facing difficulties recovering from surgery. (Doc. 12-5.) The e-mail, however, did not inform Defendants' counsel of the severity of the surgery or provide the cost of Plaintiff's hospital visits. And this information was requested in the interrogatories Plaintiff had delayed responding to. The Court is satisfied that, had Defendants attempted to remove based solely on this e-mail, they would have been unable to establish federal jurisdiction by a preponderance of the evidence. See Cameron v. Teeberry Logistics, LLC, 920 F. Supp. 2d 1309, 1313 (N.D. Ga. 2013) (finding that the defendants did not have unambiguous notice of removability where, at the time of the relevant communication, they were aware that the plaintiff had accumulated $62,432.45 in medical expenses and was also seeking lost wages for six months of missed work).

Because this case was not removable based on Plaintiff's counsel's phone conversation with Defendants' insurance adjuster or based on her e-mail to Defendants' counsel, the Court **DENIES** Plaintiff's motion to remand on these issues.

### III. Conclusion

For the reasons explained above, Plaintiff's motion to remand (doc. 12) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 27th day of September, 2016.

*[Signature]*

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA